# Trustees of Jefferson College *v.* James C. Dickson *et al.*

The statute of limitations of this state barring all claims against the estates of decedents unless presented for payment within eighteen months after publication of notice to that effect, does not apply to claims, the payment of which is secured by mortgage on real estate.

The statute provides that all claims not presented within eighteen months after publication of notice for that purpose, " shall be forever barred, and the *estate* of the testator discharged from such claim or claims," &c. The term *"estate"* has a technical legal sense, and denotes the quantity of interest a person has in the thing to which it it is applied. The interest which a mortgagor has in the thing mortgaged, is that portion of it which may remain after satisfying the debt, a mere equity of redemption. A mortgage conveys the *legal estate* to things mortgaged to the mortgagee, a title which can only be divested by a payment of the mortgage money.

As between the mortgagor and mortgagee, the fee of the estate passes to the mortgagee, and he may, unless he has stipulated to the contrary, at once enter or bring an action of ejectment to recover the possession.

In a bill for foreclosure it is not necessary to bring the personal representatives of the mortgagor before the court.

Although a mortgagee may seek the personal assets in the hands of the administrator of the mortgagor, for the satisfaction of his debt, he is *under no obligation* to do so; he may rely exclusively upon his mortgage, and the only effect of the non-presentation of his claim would be to deprive him of any participation in the personal property of the estate.

When a mortgage is duly recorded in the lifetime of the mortgagor, the administrator of the mortgagor is as much bound to take notice of the claim which the mortgage recites as if the claim had been formally presented to him in person.

The opinion of the chancellor fully states the points at issue in this case.

W. C. SMEDES, for complainants.

The facts in this case are briefly these: The defendant's ancestor mortgaged a tract of land to secure the payment of certain notes, which are past due, and the complainants have filed their bill to foreclose the mortgage. The defendant's answer admits the mortgage and debt, and the death of their ancestor, but deny that the claims secured by the mortgage were ever presented to the ad-

·ministrator of their ancestor for payment, and they rely on the statute, Rev. Code, chap. 9, sec. 115, page 63, in bar of complainants' bill.

Upon this state of facts, the complainants assert they are entitled to a decree of sale of the land mortgaged, and insist—

First. That courts of equity are not necessarily bound by statutes of limitation. We presume this general principle will not be questioned; as it is not essential to the decision of the case, we refer only to the following authorities in support of it: 1 Story's Eq. 73, 503; Fonb. Eq. Book I. c. IV. sec. 27. Where the subject is peculiarly and *exclusively* within the cognizance of equity, it cannot be pleaded. 20 John. Rep. 576; 7 John. Ch. Rep. 118.

Second. Trusts are not subject in equity to the operation of the statute. Townsend v. Townsend, 1 Cox, 28; 1 Chit. Eq. Digest, 664; 2 Scho. & Lef. 630; Bigelow's Executors v. Bigelow's Administrators, 6 Ohio, 97; 17 Vesey, 97; Beckford v. Wake, Holter case and Vend. 345; 1 McCord's Chan. Rep. 318; Fonb. Eq. 244: Kane v. Bloodgood, 7 John. Chan. Rep. 110.

Third. The object of presentation required by the statute is notice. The mortgage is notice and presentment. The heir is in priority with the ancestor, 2 Co. Lit. 506; therefore the mortgage is notice to the defendants. Executors are privy in representation to the testator, 2 Co. Lit. 506. Executors are bound to take notice of judgments against their testator at their peril, Tol. Eq. 290; so also of decrees in equity, Tol. 270; 2 Will. 661; so of records, 2 Will. Ex. 677. A mortgage is constructive notice, even to those not in privity, 1 Story's Eq. 392.

Fourth. The estate only of the testator is discharged from the payment of the debt, and that is but the equity of redemption. Gibson v. Crehore, 3 Pickering's Reports, 480, decides, where a man makes a mortgage and dies, his estate has nothing but the equity of redemption, and his general creditors a right only to that. The failure to present, discharges therefore only the equity of redemption. That was all the estate of the testator. The complainants hold the legal title, and are entitled to the possession. Mitford, 130; 2 Story's Eq. 285. The executors only have a right to the possession of the *personalty*. A failure to present, discharges that, and no more. Suppose the estate insolvent,—the

creditors take only what the testator had, the equity of redemption; the mortgage creditor fails to present his claim, will the heirs take the land discharged from the debt?

Fifth. Only the executor, administrator and collector are authorized to plead the statute. *"Expressio unius exclusio est alterius."* Courts of equity will never extend the statute of limitations. 3 Bro. Ch. Rep. 640; 2 Story's Eq. 737. The statute limits the right to plead the act. It was designed for the benefit of the creditors generally, and is therefore not pleadable by the heirs at law, as the general creditors have no interest in the land mortgaged, beyond the equity of redemption.

Sixth. A mortgage is an estate in the land, and not a mere debt. 1 Story's Eq. 532. The relation of mortgagor and mortgagee is not that of debtor and creditor, but *sui generis*. 2 Jack. & Walk. 184. By the common law, if the mortgagor did not redeem when the debt was due, he forfeited the inheritance. 4 Kent's Com. 140. The title of the mortgagee is absolute at law on default of payment, Mit. Plead. 130, and he may enter or maintain ejectment. 2 Story's Eq. 285; 4 Kent. Com. 155; Jackson *ex dem.* Tothill *v.* Dubois, 4 John. Rep. 216 ; 10 John. Rep. 481; 2 Greenleaf, 132 ; 3 Mass. 138. A mortgagee may at any time enforce his lien, whether the estate *be solvent or not, and until he does* the land and its profits *in either case are the heirs*. The estate is always a pledge for the payment of the debt, but till the mortgagee enters the heirs are entitled to the rents. 16 Mass. Rep. 286. Mortgage estates descend to the heir, until entry and foreclosure. Administrators have nothing. 16 Mass. 308; 9 Mass. 422.

Seventh. A mortgage may be enforced in three ways, by ejectment *versus* the mortgagor, by foreclosure of mortgage, and by action on bond at law ; and each is independent of the other. 10 John. Rep. 481. The administrator is a necessary party only to the latter mode. A failure to present would discharge the general assets only, because they are the only ones, that come to the hands of the administrator. The heir at law is the only one who can file a bill to redeem. 9 Mass. 422. An administrator can not do it. 5 Pick. 146.

Eighth. Where an estate is insolvent, a mortgage debtor has an election either to present his claim for allowance *pro rata,* or rely

on his mortgage only. *A fortiori* much more so, where the estate is not insolvent. 16 Mass. 312.

. Where the creditor of an insolvent estate files his claim generally with the commissioners and has distribution upon his whole claim, he waives the benefit of his mortgage to secure the same debt. 6 Pick. 482.

An administrator of insolvent estate has no right to redeem a mortgage for the benefit of creditors, but a right to sell the equity of redemption only. 5 Pick. 150.

An administrator can not sell a greater estate in the land than intestate had. 3 Greenleaf, 282.

Where a debt secured by mortgage is laid before commissioners of insolvency, the value of the mortgaged property must first be deducted, before a *pro rata* is declared. 16 Pick. 259. The creditor cannot prove for his whole debt and yet retain the mortgage. 16 Mass. 308; but may rely on the mortgage only. 16 Mass. 312; 16 Pick. 257.

Twenty years is in equity the shortest period that will bar a suit for real estate. 4 Cow. 717; 9 Wheat. 489. The rule in equity is that whenever the statute of limitations barred at law, it bars in equity and no farther. 2 Sto. Eq. 737. "It seems to be the settled doctrine, that whenever there is a concurrent jurisdiction of law and equity, the statute of limitations may be pleaded in either court. Where the subject is peculiarly, appropriately and exclusively within the cognizance of equity, the statute can not be pleaded." Fonb. Eq. Book 1, Ch. iv. S. 27; 20 John. Rep. 576. A mortgage is only forecloseable in equity.

In equity a party having two funds, and another party but one, to secure their debts, the court will compel the first to resort to the fund which the other can not reach. 1 Sto. Eq. 534–571; 1 J. C. R. 412. Will it punish him for doing voluntarily and without compulsion what the court would have made him do, on proper application. And yet in this case complainants in relying on their mortgage have only obeyed the requirements of the law.

A trust or charge created by will for the payment of debts, prevents the statute from running. 2 V. & B. 275. Jones *v.* Scott, 1 Russell & Mylne, 255; Hughes *v.* Wynne, 1 Turn. & Russ. 307;

3 H. & M. 89 ; much more so, when the charge is created by deed in testator's life time.   Forman *v.* Brooks, 9 Pick. Rep. 213.

A mortgagee in a suit in equity for the administration of assets can only prove for so much of his debt as might remain unpaid by the produce of the mortgaged estate. 1 Russ. & Mylne, 185. The property mortgaged being always a pledge, first to be resorted to, for the payment of the debt.   Armony *v.* Francis's Administrator. 16 Mass. 311. And there is no compulsory power to force the mortgagee to foreclose.   16 Mass. 311.   This case is very full to several points embraced in the one at bar, and the statute of Massachusetts very similar to our own.

The whole question turns on the interpretation of the statute. It is said the "claim is barred," but this does not discharge the debt or satisfy the mortgage.   It has been decided, 12 Cond. Rep. that a debt may be barred at law by the lapse of the six years, and yet the mortgage and the property conveyed by it are still security for the debt in equity.   Till redemption, the estate is in the mortgagee, by law and equity.   2 Ch. Ca. 61; 2 Com. Dig. 726, title Ch. 4 A. 1.   The only way to redeem a mortgage in equity is to pay principal, interest and charges.   2 Com. Dig. 729, 732. The barring a debt is merely a suspension of the remedy.   The debt subsists—3 Pet. U. S. Rep. 278—and may be revived.   11 Wheat. R. 316; 8 Mass. 133.

The statute also says, "the estate of the testator or intestate shall be thereafter discharged from the payment of such claim." What estate ?   Not the lands and tenements themselves, but the "estate of the intestate."   An estate "is that title or interest which a man hath in lands or tenements."   Co. Lit. 345.   It is, says Blackstone, such interest as the tenant hath therein.   In this case the testator had but an equity of redemption, and that we admit the heirs are entitled to, if the estate is solvent; and, if insolvent, the creditors who complied with the law.

The whole case will be made plain, if the object of the statute is kept in view, which is a proper rule for its construction.   Devarris on Statutes, 689.   It was manifestly to procure a speedy adjustment of the administration.   A failure to present his claim, by a mortgagee, cannot retard this in the slightest degree, because "a mortgagee is under no obligation to intermeddle with the per-

sonal assets, or to seek an account thereof"—Sto. Eq. Plead. 181—because the administrator or executor is not a necessary party to a bill of foreclosure—Sto. Eq. Plead. 175, 181—and because the statute, in its express phraseology, applies only to executors, administrators and collectors. Devarris, 694.

This view of the case we think conclusive of the question. To give the statute a different construction, will be to inflict a loss upon innocent parties, and reward those who are taking advantage of a technical and unconscientious plea to deprive complainants of their debt, and clothe themselves with property to which they have no right, either legal or equitable. Complainants have not slept upon their rights. Relying upon the mortgaged premises for their security, they properly refrained from intermeddling with the personal assets and the claims of other creditors, and for that they are to be amerced with the total loss of their debt. So abhorrent a construction was never intended by the legislature, and is not justified by the statute.

In Massachusetts, under a precisely similar statute, the court has almost directly decided this very point. In Johnson *v.* Ames, 11 Pick. 178, (*quod vide,*) the court say, "The st. 1788, c. 66, and st. 1791, c. 28, directing the time for bringing suits against heirs, executors and administrators, apply only to the demands of creditors of the estate of the deceased, and not to claims on specific property held by the deceased in trust for other persons, and which has come into the hands of the heir, executor or administrator."

We refer also to Farnam *v.* Brooks, 9 Pick. 213, where "the court say distinctly, the statute of limitations does not apply to direct trusts created by deed or will," and which construction the court, in 11 Pick. 182, re-adopts and applies directly to the statutes limiting suits against administrators, &c.

In Weedthick *v.* Austin *et al.* 4 Mason's C. R. 29, Judge Story has, in effect, decided the case at bar. Says that judge, "the statute of limitations (directing suits against executors and administrators) never was intended to apply to any cases of trusts or trust property in the hands of executors and administrators; but simply to property belonging to them as assets of the testator. The law on this subject does not appear to me involved in any real difficulty. Executors are charged with no more, in virtue of their

office, than the administration of the assets of the testator. If, at the time of his death, there is any specific personal property in his hands belonging to others, which he holds in trust or otherwise, and it can be clearly traced and distinguished from the testator's own, such property, whether it be goods, securities, stock, or other things, is not assets to be applied in payment of his debts or to be distributed among his heirs, but is to be held by the executors as the testator himself held it." Con *v.* Brandon, 2 How. 909; 19 Pick. R. 303; 6 Wend. 137.

WM. YERGER for defendants.

All claims against decedents are barred, unless presented within eighteen months after publication of notice to that effect, and the estate is discharged from the payment of the [claim; and the act may be given in evidence in bar of any suit or action, either in law or equity, brought to recover the same, without being specially pleaded. Howard and Hutch. Dig. 413.

The special statutes of limitations against executors, &c. are created not for their personal convenience, but for the benefit of the estate and those interested in it. Brown *v.* Anderson, 13 Mass. R. 203; Gookin *v.* Sanborn, 3 N. H. Rep. 491; Dawes *v.* Shed, 15 Mass. R. 6, 58.

Although an administrator is not bound to plead the general statute, he is bound to plead the special statute, and a court will not give him power to sell real estate to pay a debt thus barred. Scott *v.* Hancock, 13 Mass. 162; Thompson *v.* Brown, 16 Mass. 172; Heath *v.* Wells, 5 Pick. 140.

The ordinary statutes of limitations only bar the remedy, not the debt; and as a consequence of this rule, it has been uniformly held, that where there are two remedies, one barred by the statute, the other not, inasmuch as the debt was not barred, the party might maintain his action in the form not barred. 1 Bland R. 282; 1 Root 465; 5 Pick. 193; 11 Conn. R. 163; 6 Conn. R. 246; 9 Yerger 51.

But it is admitted in these cases, that if the debt is barred, no action can be maintained in any form; and that if a debt be secured by mortgage, whenever the debt is barred, so is a foreclosure

of the mortgage. 11 Conn. R. 162; 3 Esp. R. 81; 2 Barn. & Adolp. 413; 1 Bland 282.

It is a well settled rule, that where statutes of limitations only affect the remedy, if an action is barred by the statutes of one country, and the debtor removes into another, where it takes a longer time to bar the remedy, the creditor may sue. But wherever the statute bars the debt or demand itself, and the period to form the bar has elapsed, then a removal into another country, having a longer period of prescription, does not revive the debt or give a right of action to the creditor. Story on Conflict of Laws, 487–489; Shelby *v.* Grey, 11 Wheaton, 361, 371, 372. See also, Huber *v.* Steiner, 2 Bing. N. Cases, 202, 211; Don *v.* Lippman, 5 Clark & Finnell 1, 16; Smith's Sel. Leading Cases.

If such be the rule in relation to statutes of limitations barring the debt, and their applicability in foreign states, *a fortiori,* wherever a debt is barred by the limitation laws of a state, a creditor cannot select any form of action which will enable him to recover upon the debt.

A mortgage is a mere security for a debt, and collateral to it. A release of the debt is a release of the mortgage. Whatever discharges the debt, discharges the mortgage. 2 Gallison's C. C. R. 152; 3 Johns. Ch. R. 255; 5 Vesey 670; 7 Ibid 332; 2 Cowan 195; 2 A. K. Marsh, 109; 1 Bibb. 526; 3 Esp. 81; 22 Eng. C. L. R. 113; 11 Conn. R. 162.

It is a well known rule, that as between real and personal representatives of all persons deceased, the personal estate in the hands of the executor or administrator is the primary and natural fund for the payment of debts of every description, contracted by the testator or intestate; consequently a creditor, who by his laches puts it out of his power to collect his debt out of the administrator, cannot enforce it against the heirs. 2 Williams on Exrs. 1043.

The Chancellor.

This is a bill for the technical foreclosure of a mortgage upon real estate, against the defendants as the heirs at law of the deceased mortgagors. The defence set up is, that there was no presentation of the notes which the mortgage was made to secure, to

the personal representatives of the mortgagors, within the time prescribed by the statute upon that subject; and it is insisted that this omission not only bars any remedy upon the notes, but discharges the debt itself, and works an extinguishment of the mortgage. The statute requires that "All claims against the estates of deceased persons shall be presented to the executor, administrator or collector within eighteen months after publication of notice for that purpose by such executor, &c., and not after; and all claims not presented within the time aforesaid shall be forever barred, and the estate of the testator or intestate shall be thereafter discharged from such claim or claims, and the executor, &c. may give this act in evidence without pleading the same specially in bar of any suit or action either in law or equity brought to recover the amount of any claim or claims of which notice had not been given by the creditor or creditors, &c."

It is perfectly clear, both upon principle and authority, that if the statute were one of mere limitation or negative prescription, affecting the remedy only, then although the remedy at law for recovering the debt secured by the mortgage may be barred, this could not affect the right of the complainants to a foreclosure of their mortgage in this court; because such a proceeding involves the title to the land itself, which by analogy can only be barred by the limitation of twenty years. In many cases a party may have one remedy, although he may have lost another in respect to the same claim. Such is the case of a creditor holding a mortgage for the security of his debt; he may file his bill in chancery to foreclose, bring his suit at law for his debt, or his action of ejectment for the possession of the mortgage premises, and his right to recover in either form of action could not be affected by showing that he was barred as to one of them, because such a statute affects the remedy only, and leaves the debt or claim still subsisting. Belknap *v.* Gleason, 6 Conn. Rep. 160 ; Hughes *v.* Edwards, 9 Wheaton Rep. 489; Lingan *v.* Henderson, 1 Bland's Ch. Rep. 282; Duval's heirs *v.* McLoskey, 1 Ala. Rep. N. S. 745.

But it is insisted that the statute referred to not only limits the remedy but discharges the debt, where the holder is under obligation to present it within the prescribed time and fails to do so; and this I think is its plain and obvious construction. If, therefore, the

complainants were bound to present their claim, their omission to do so not only discharged the debt, but extinguished the mortgage, for whatever releases or extinguishes the first, equally extinguishes the latter. Gookin *v.* Sanborn *et al.* 3 New Hampshire R. 191.

The principal question then to be examined is, does this statute apply to claims, the payment of which is secured by mortgage on real estate. I think not. In such case the title to the land stands pledged by solemn contract for the payment of the debt, and the mortgagee may at his election repose upon that pledge alone, without looking to the personal assets of the mortgagor. The language of the statute is, that "the estate of the intestate shall be thereafter discharged," &c. The word estate has a technical, legal sense, and denotes the quantity of interest a person has in the thing to which it is applied. The interest which a mortgagor has in the thing mortgaged, is that portion of it which may remain after satisfying the debt. What estate, then, is discharged? In such case it is clear that the statute can only apply, if it applies at all, to the equity of redemption which remained with the intestate at the time of his decease. It does not profess to affect or discharge any estate which he had previously granted out of the same thing.

A mortgage is something more than a mere lien or security for a debt. It carries with it a qualified title to the mortgage premises, which can only be divested by a payment of the mortgage debt. As between the mortgagor and mortgagee the fee of the estate passes to the mortgagee, and he may, unless he has stipulated to the contrary, at once enter or bring an action of ejectment to recover possession. Blaney *v.* Bearce, 2 [Greenleaf Rep. 132; Conrad *v.* Atlantic Insurance Company, 1 Peters' Rep. 386; 16 Mass. Rep. 345.

If the complainants' claim is discharged, it must be because the law imposed upon them the unconditional necessity of presenting it to the personal representatives of the mortgagors, and of receiving payment at their hands out of the personal assets. How stands the law upon this subject? It is a well settled rule of pleading, that in a bill for foreclosure it is not necessary to bring the personal representatives of the mortgagor before the court.

Calvert on Parties, p. 167, 168; Duncombe *v.* Hanstey, 3 P. Wms. 533, note A; Story's Eq. Pl. 181. This could not be the rule if the mortgagee were bound to seek the personal estate, or to look to the personal representatives. Indeed the very reason of the rule is stated to be, that the mortgagee is under no obligation to intermeddle with the personal assets or to seek an account thereof.

If then the creditor in such case is not bound to seek the personal assets for the satisfaction of his debt, there can be no reason for requiring him to present the claim to the personal representative, who has nothing to do with the real estate of the deceased, upon which the payment of the debt stands charged, by virtue of the mortgage. It is true that at common law, the personal property of a deceased person is the primary fund for the payment of his debts; but this is a question exclusively between the heir and the personal representative; in such a controversy the latter may be compelled to apply the personalty in exoneration of the realty. Parsons *v.* Freeman, Amb. Rep. 115. This doctrine does not, however, affect the right of a creditor who holds an incumbrance upon the realty as a specific pledge for the payment of his debt, to pursue that fund alone, if he shall so elect. I hence conclude, that it was only intended by the statute to "discharge" such estate as properly comes to the hands of the personal representative, to be administered, and that it is only upon that class of creditors whose proper resort is to the personalty that the duty of presenting their claims is devolved.

Whence the necessity or propriety of presenting a claim to an administrator when the fund specifically charged with its payment is not in his hands. Under such circumstances, there might be strong moral reasons why the administrator might refuse payment, notwithstanding the solvency of the estate. Suppose the personalty to be barely sufficient to pay the general or simple contract creditors; they would, in equity, have a clear right to compel the mortgagee to resort to his mortgage fund, if that was sufficient; and if the mortgage creditors was allowed to exhaust the personal assets, they would be substituted to his rights under the mortgage. It is true, perhaps, that this equity would only be administered as between the creditors themselves; but the principle goes far to sustain the views which I have laid down. Although a mortgagee

may, doubtless, seek the personal assets in the hands of the administrator for the satisfaction of his debt, yet the ground which I take is, that he is under no obligation to do so; he may, if he chooses, rely exclusively upon his mortgage; and the only effect of the *non-presentation* of his claim would be to deprive him of any participation in the personal property of the estate. Duval's heirs *v.* McLoskey, 1 Ala. Rep. N. S. 745, 746.

But even if the complainants were bound to present their claim, still I incline to the opinion that enough has been done, in that way, to satisfy the law. The statute is one of mere policy, involving nothing of fixed principles; and the court will not seek, by construction, to place cases within its pale, where that policy would be contravened.

The inclination of courts has been rather to relieve than to force cases within the operation of such statutes. The obvious intention of the law is to give notice to the personal representative of the amount and the extent of the claims upon the estate, that they may be promptly arranged and the estate settled; and to advise legatees, creditors or distributees of the true condition of the estate. If this notice is fully and distinctly communicated, through any legal channel, the policy and purposes of the statute are as fully subserved as if that notice was derived through a personal presentation of the claim. Here the mortgage had been duly recorded, in the life time of the mortgagor, thus giving constructive notice to all who might thereafter become interested in the land mortgaged; and the administrator was as much bound to take notice of the claim which it recites as if it had been formally presented to him in person.

From this view of the case, I think the defence set up cannot be sustained, and that the complainants are entitled to a decree.

Let the case be referred to the clerk to compute the amount of principal and interest due on the mortgage.